IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALISHA KALEE PARKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-08-1061 |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER DENYING PETITIONER'S
§ 2254 APPLICATION FOR WRIT OF HABEAS CORPUS**

Pending in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 is
Respondent's Motion for Summary Judgment (Document No. 7) against Petitioner's Federal
Application for Writ of Habeas Corpus (Document No. 1).  Having considered Respondent's Motion
for Summary Judgment, Petitioner's response in opposition (Document No. 12), the claims Petitioner
raises in this § 2254 proceeding, the state court records, and the applicable law, the Court[1] ORDERS,
for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No.
7) is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is
DENIED, and this § 2254 proceeding is DISMISSED with prejudice.

---

[1] On July 17, 2008, pursuant to the parties' consent, this case was transferred by the District
Judge to the undersigned Magistrate Judge for all further proceedings.  *See* Document No. 10.

I.      **Introduction and Procedural History**

Petitioner Alisha Kalee Parker ("Parker") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of a felony conviction for possession of cocaine with intent to deliver.  Parker was charged by Indictment with that offense in August 2004, in the 228th District Court of Harris County, Texas, Cause No. 996252.  One prior felony conviction was also alleged in the Indictment for enhancement purposes.  On April 28, 2005, a jury found Parker guilty of the offense alleged, the enhancement alleged was found to be true, and the trial court sentenced Parker to seventeen years incarceration.

Parker appealed.  On April 6, 2006, Parker's conviction was affirmed by Texas' Fourteenth Court of Appeals in a published decision.  *Parker v. State*, 192 S.W.3d 801 (Tex. App.–Houston [1st Dist.] 2006).  The Texas Court of Criminal Appeals refused Parker's petition for discretionary review on September 13, 2006. Parker thereafter filed a state application for writ of habeas corpus.  On November 14, 2007, the Texas Court of Criminal Appeals denied that application without written order on the findings of the state trial court without a hearing.  *Ex parte Parker*, Application No. WR-68,754-01.  This § 2254 proceeding, filed by Parker on or about April 4, 2008, followed.

Respondent has filed a Motion for Summary Judgment (Document No. 7) to which Parker has filed a response in opposition (Document No. 12).  This § 2254 proceeding is ripe for ruling.

II.     **Factual Background**

The factual background, set forth by the Texas Court of Appeals in its published opinion affirming Parker's conviction, is as follows:

2

Officer Timmy Walker is an undercover officer for the Houston Police Department. Prior to August 2, 2004, Officer Walker received information from a confidential informant that a woman by the name of Alisha would be arriving at a specified apartment in Houston, Texas, and that she would be carrying a large quantity of cocaine. Based on this information, Officer Walker set up surveillance on the apartment complex. As he waited for the woman to show up, he received information from the confidential informant that the woman's car had broken down and that she would not arrive that day. After Officer Walker left, he passed by a red Toyota automobile that had broken down nearby.

The next day Officer Walker again set up surveillance on the apartment complex. During that time, [Parker] arrived at the apartment complex in the same red Toyota that Officer Walker has seen the day before. Officer Walker watched her enter the specified apartment. Shortly after, [Parker] came out, got something out of the back seat and put it in the trunk. [Parker] went back inside and eventually came out with two women, Shanita Vital and Shamichael Ester, along with Vital's two children. The five got into [Parker's] car, and [Parker] drove away. Officer Walker followed them and notified Officers Steve Hooper and Jeff Marcus. Officers Hooper and Marcus were dressed in police uniforms and were in a police car. Once they identified [Parker] on the road, they pulled up behind [Parker]. The officers testified that they saw Vital's son standing in the back seat. The officers pulled [Parker] over because the child was not properly restrained.

Once the officers turned on the lights on their car, [Parker] drove into an apartment complex and parked. During their search of the car, Officer Marcus found a purse in the trunk of the car. Officer Marcus opened the purse and saw 352 grams of cocaine in a press and seal sandwich bag and a small scale in the purse. [Parker] acknowledged that both the car and the purse were hers, but denied having any knowledge of the cocaine. [Parker] told officers that her brother had driven the car a little over a month ago and that he must have placed the cocaine in the purse, which she said had been in the trunk the entire time.

*Parker*, 192 S.W.3d at 803-804.


III.   **Claims**

Parker sets forth four claims in her § 2254 application:

1.      that her appellate counsel was ineffective;

3

     2.      that the State failed to disclose the identity of the confidential informant, and failed to afford her an opportunity to confront the confidential informant;

     3.      that she was subjected to an unconstitutional search and seizure;

     4.      that the prosecutor engaged in misconduct;

     5.      that she was illegally stopped and arrested; and

     6.      that there is insufficient evidence to support her conviction.

Parker raised claim six (6) in her direct appeal.  She raised the remainder of her claims in her state application for writ of habeas corpus.  Respondent maintains in his Motion for Summary Judgment that no relief is available to Parker on claims one (1) and six (6) because the Texas courts' rejection of those claims was not contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  As for the remaining claims, because Parker did not raise those claims in her direct appeal, and because the Texas courts found the claims to be procedurally barred from review in the state habeas proceeding, Respondent maintains that the claims are likewise procedurally barred from review herein.  In addition and in the alternative, Respondent maintains that claims three (3) and five (5) are not, in any event, subject to review in this § 2254 proceeding.


IV.    **Standard of Review**

    A.    **Merits Review under § 2254(d)**

      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited.  28 U.S.C. § 2254(d) provides:

(d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).  A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 123 S. Ct. at 1853 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)(2) (2000).  In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1) (2000)." *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. granted in part,* 124 S.Ct. 46 (2003).

Of utmost significance under § 2254(d) is the principle that once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding.  Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative.  In addition, the correctness of the state court's decision is not determinative.  As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted).

**B.    Procedural Bar**

Federal courts are precluded from considering claims which were rejected by the last state court to have considered them on the basis of a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).  In order for a state court's rejection of a habeas claim to act as a procedural bar to review in a federal habeas proceeding, the

6

state court must, in a plain statement, determine that its rejection of the claim rests on adequate and independent state procedural grounds. *Harris*, 489 U.S. at 261; *Michigan v. Long*, 463 U.S. 1032, 1042 (1983).  Once a state court has relied on a procedural default for rejecting a habeas claim, a federal court in a federal habeas proceeding cannot review such a claim unless the petitioner shows cause and prejudice associated with the default or shows that absent a review of the claim by a federal court a fundamental miscarriage of justice will result. *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir.) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), *cert. granted*, 502 U.S. 965 (1991), *and aff'd*, 505 U.S. 333 (1992).

## V.   Discussion – Merits Review under § 2254(d)

### A.   Ineffective Assistance of Appellate Counsel Claim (Claim 1)

In her first claim, Parker maintains that her appellate counsel was ineffective for failing to raise claims of: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) violations of her rights under the Confrontation Clause occasioned by the mention of a confidential informant, who did not testify at trial; (4) an illegal arrest, search and seizure; (5) insufficient evidence; and (6) the improper admission of hearsay.   This same ineffective assistance of appellate counsel claim was raised by Parker in her state application for writ of habeas corpus, and rejected by the Texas Court of Criminal Appeals on the merits.  In so doing, the Texas Court of Criminal Appeals concluded: "Applicant fails to show that appellate counsel's conduct fell below an objective standard of reasonableness and that, but for trial and appellate counsel's alleged deficient conduct, there is a

reasonable probability that the result of the proceeding would have been different." *Ex parte Parker*, WR-68,754-01, at 131.   That rejection of Parker's ineffective assistance of appellate counsel claim is not contrary to or an unreasonable application of clearly established Federal law, nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Claims of ineffective assistance of counsel are measured by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).   Under *Strickland*, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had.   *Id*. at 687.   Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable.   *Id.* at 687-689.   The prejudice element requires a petitioner to " show that there is a reasonable probability that, but for counsel' s unprofessional errors, the result of the proceeding would have been different."   *Id*. at 694.   A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief.   *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Claims of ineffective assistance of appellate counsel are generally assessed under the same two part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994).  With respect to *Strickland's* deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *see also Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous

ground that might be pressed on appeal."), *cert. denied*, 493 U.S. 970 (1989). Rather, "[a]ppellate counsel is obligated to only raise and brief those issues that are believed to have the best chance of success." *Rose*, 141 F.Supp.2d at 704-705. "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). As for *Strickland's* prejudice prong, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001).

Here, as found by the Texas Court of Criminal Appeals, Parker has not shown that appellate counsel was ineffective. Appellate counsel raised three claims on appeal: (1) that "the evidence was legally and factually insufficient to support her conviction"; (2) that "the trial court erred by not including an instruction on article 38.23 of the Texas Code of Criminal Procedure in the jury charge"; and (3) that the trial court erred in overruling [her] hearsay objection". *Parker*, 192 S.W.3d at 803. Parker has not shown that there were any claims appellate counsel did not raise that were clearly stronger than those that were raised. In addition, Parker has not shown that the result of her appeal would have been different if appellate counsel had raised any other issues. For those reasons, the Texas Court of Criminal Appeals' rejection of Parker's ineffective assistance of appellate counsel claim was not contrary to or an unreasonable application of *Strickland*, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, under § 2254(d), no relief is available on this claim.

**B.      Insufficient Evidence Claim (Claim 6)**

9

In her sixth claim, Parker contends that there was insufficient evidence to support her conviction, and that the State failed to prove both the weight and the quality of the cocaine she was found guilty of possessing with intent to distribute.  On direct appeal, the Texas Court of Appeals found the evidence both factually and legally sufficient:

> In her first point of error, appellant argues that the evidence is legally and factually insufficient to support her conviction.

> **A. Standard of Review**

> A legal-sufficiency challenge requires us to determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App.2000); *Howley v. State*, 943 S.W.2d 152, 155 (Tex. App.-Houston [1st Dist.] 1997, no pet.). Although our analysis considers all of the evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App.2000).

> In a factual-sufficiency review, we view all of the evidence in a neutral light, and we will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met. *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex. Crim. App.2004) (citing *Zuniga v. State*, 144 S.W.3d 477, 481 (Tex. Crim. App.2004)). Our evaluation may not intrude upon the fact-finder's role as the sole judge of the weight and credibility accorded any witness's testimony. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App.1997). The fact-finder alone determines what weight to place on contradictory testimonial evidence, as it depends on the fact-finder's evaluation of credibility and demeanor. *Id.* at 408. In conducting a factual-sufficiency review, we must discuss the evidence that, according to appellant, most undermines the jury's verdict. *See Sims v. State,* 99 S.W.3d 600, 603 (Tex. Crim. App.2003).

> **B. Analysis**

> In a possession with intent to deliver case, the State must prove that the defendant: (1) exercised care, custody, control, or management over the controlled substance; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance. TEX. HEALTH & SAFETY CODE

ANN. §§ 481.002(38) (Vernon Supp.2005), 481.112(a) (Vernon 2003); *Nhem v. State,* 129 S.W.3d 696, 699 (Tex. App.-Houston [1st Dist.] 2004, no pet.).

Intent to deliver may be inferred from the quantity of drugs possessed and from the manner in which they are packaged. *Guy v. State,* 160 S.W.3d 606, 613 (Tex. App.-Fort Worth 2005, pet. ref'd); *Reece v. State,* 878 S.W.2d 320, 325 (Tex. App.-Houston [1st Dist.] 1994, no pet.). The police recovered 352 grams of cocaine powder along with a scale in a purse that was in the trunk of appellant's car. Officer Jones, who had worked for 18 years in the narcotics division of the Houston Police Department, testified that the quantity of the cocaine along with the presence of a scale indicated that the cocaine would be distributed. No evidence was presented to controvert this. We hold that the evidence was legally and factually sufficient to establish an intent to deliver.

When a defendant is not in exclusive possession of the place where the controlled substance is found, the State must prove additional independent facts and circumstances that affirmatively link the defendant to the contraband in such a way that it can be concluded that the defendant had knowledge of the contraband and exercised control over it. *Nhem*, 129 S.W.3d at 699. Affirmative links are established when the evidence, direct or indirect, establishes "that the accused's connection with the drug was more than just fortuitous." *Poindexter v. State,* 153 S.W.3d 402, 405-06 (Tex. Crim. App.2005) (quoting *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). Courts have identified a number of factors that may help to show an affirmative link to controlled substances. *See, e.g., Nhem,* 129 S.W.3d at 699 n. 1; *Gilbert v. State,* 874 S.W.2d 290, 298 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd). It is not the number of factors present that is important, but rather the "logical force" that they create to prove that the defendant knowingly possessed the controlled substance. *Nhem,* 129 S.W.3d at 699-700.

Officer Walker received a tip from a confidential informant that a woman named Alisha would be in possession of a large quantity of cocaine and would be arriving at a specified apartment in Houston. Officer Walker and other officers set up surveillance around the identified apartment complex. After receiving word that Alisha's car had broken down, Officer Walker left. While driving, he passed a red Toyota that was broken down. The next day, he set up surveillance again and saw appellant arrive at the apartment complex in the same red Toyota. Officer Walker saw appellant take something out of the back seat and put it in the trunk.

After appellant was stopped, she acknowledged that both the car and the purse containing the cocaine were hers. Although she was not the only person in the car, she was the only one who accessed the trunk during the time in question. Appellant acknowledged that she was the only person who had driven the car for the last few

11

weeks. The purse was found on the top of other items in the trunk. The cocaine was found in the main section of the purse on top of the other items.

We hold that the evidence was legally sufficient to affirmatively link appellant to the cocaine.

To challenge the factual sufficiency of the evidence, appellant argues that no one saw her with the purse or saw her put the purse in the trunk and that her fingerprints were not found on the bag and scales. This does not render the evidence in support of the verdict so weak and manifestly unjust that it shocks the consciousness [sic] of the court. We hold that the evidence is factually sufficient to support appellant's conviction.

We overrule appellant's first point of error.

*Parker*, 192 S.W.3d at 804-806.  The Texas Court of Criminal Appeals ruled likewise when it denied

Parker's petition for discretionary review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)

("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained

orders upholding that judgment or rejecting the same claim rest upon the same ground").

The Texas courts' rejection of Parker's sufficiency of the evidence claim is not contrary to

or an unreasonable application of clearly established Federal law nor is it based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceedings.  The

standard set forth and applied by the Texas Court of Appeals in addressing Parker's legal sufficiency

claim is essentially the same federal due process standard used to assess a sufficiency of the evidence

claim in a federal habeas corpus proceeding.  In *Jackson v. Virginia*, 443 U.S. 307, 325 (1979), the

Supreme Court held that in order to be entitled to relief on a sufficiency of the evidence claim a

petitioner must prove that no rational trier of fact could have found the existence of facts necessary

to establish the offense beyond a reasonable doubt.  *Id.* at 325-26.  In applying the standard, all

evidence is viewed in the light most favorable to the prosecution, *Id.* at 319; *Bujol v. Cain*, 713 F.2d

112, 115 (5th Cir. 1983), *cert. denied*, 464 U.S. 1049 (1984), and all credibility choices and conflicts

in the evidence are resolved in favor of the verdict. *United States v. Graves*, 669 F.2d 964, 969 (5th Cir. 1982).  Given the evidence recited by the Texas Court of Appeals, evidence that is taken in a light most favorable to the prosecution, a rational jury could have found the existence of facts necessary to establish the possession offense against Parker beyond a reasonable doubt.  In addition, though not specifically mentioned by the Texas Court of Appeals, the record contains ample evidence of both the quantity and quality of the drugs involved.  S.F. Vol. 4 at 24-27; 75-76; Vol. 5 at 8-21. Therefore, under § 2254(d), no relief is available to Parker on her claim that there was legally insufficient evidence to support her conviction.  As for any claim that Parker may be asserting that the evidence was factually insufficient, such a claim is not cognizable in a federal habeas corpus proceeding. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002), *Wanzer v. Cockrell*, 2002 WL 31045971 *9 (N.D. Tex. 2002).

## VI.    Discussion – Procedurally Barred Claims

In claims two, three, four and five, Parker complains about (1)  the State's failure to disclose the identity of the confidential informant, (2) improper and prejudicial statements made by the prosecutor during trial, and (3) the circumstances surrounding her arrest, the search of her car and purse, and the seizure of the cocaine.   Although all of these claims were raised by Parker in her state application for writ of habeas corpus, none was raised by Parker in her direct appeal.  In the state habeas proceeding, the Texas Court of Criminal Appeals dismissed these claims on state law procedural grounds because they had not been raised on direct appeal and could not be litigated in a state habeas proceeding.  In so doing, the Texas Court of Criminal Appeals held:

2.      Applicant's challenges to the probable cause for the search and seizure in the primary case are not cognizable in post-conviction habeas proceedings.  *Ex Parte Kirby*, 492 S.W.2d 579, 580-81 (Tex. Crim. App. 1973).

3.      Further, Applicant's belated challenges to the legality of the stop, search, evidence seizure, and trial court ruling denying her motion to suppress evidence in the primary case are the kind of "record claims" that should have been raised on direct appeal; Applicant is now procedurally barred from litigating these issues by way of habeas.  *See Ex Parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996); *Ex Parte Rojas*, 981 S.W.2d 690 (Tex. Crim. App. 1998) (Baird, J., concurring).

* * *

5.      Applicant's belated challenge to the trial court's alleged failure to enforce Applicant's subpoena of the "confidential informant" in the primary case is the kind of "record claim" that should have been raised on direct appeal; Applicant is now procedurally barred from litigating this issue by way of habeas.  *See Ex Parte Gardner*, 959 S.W.3d 189, 199 (Tex Crim. App. 1996); *Ex Parte Rojas*, 981 S.W.2d 690 (Tex. Crim. App. 1998) (Baird, J., concurring).

* * *

11.     Applicant's belated challenges of prosecutorial misconduct based on improper argument by the State are the kind of "record claims" that should have been raised on direct appeal; Applicant is now procedurally barred from litigating these issues by way of habeas.  *See Ex Parte Gardner*, 959 S.W.3d 189, 199 (Tex Crim. App. 1996); *Ex Parte Rojas*, 981 S.W.2d 690 (Tex. Crim. App. 1998) (Baird, J., concurring).

*Ex Parte Parker*, WR-68,754-01, at 129-131.

Given the Texas courts' reliance on a state procedural default, this Court can only review the claims on the merits if Parker can show cause and prejudice associated with her failure to raise the claims on direct appeal or that she is actually innocent of the offense.  *Coleman,* 501 U.S. at 750.  Parker has made neither showing.  While she complains that it was the ineffectiveness of her appellate counsel that was the "cause" of her failure to raise the claims on direct appeal, she has not made the requisite showing of prejudice – that is, that she would have been entitled to relief on the claims if they had been raised.  Moreover, with respect to Parker's allegations that she was subjected to an

14

unconstitutional search and seizure and that her arrest was illegal, such Fourth Amendment claims cannot be litigated in this § 2254 proceeding. *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). Parker had the opportunity, whether she exercised it fully or not, to raise her Fourth Amendment claims in the state courts. Because nothing prevented Parker from fully litigating her Fourth Amendment claims in the state courts, no review of her Fourth Amendment claims is available herein in any event. *Id.*; *Smith v. Maggio*, 664 F.2d 109, 111 (5th Cir. 1981).

**VII.   Conclusion and Order**

Based on the foregoing, and the conclusion that Petitioner's claims have either been properly adjudicated on the merits by the state courts or that they are procedurally barred from review, the Court

ORDERS that Respondent's Motion for Summary Judgment (Document No. 7) is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE. In addition, it is further

ORDERED that a Certificate of Appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Given the claims raised herein, as well as the rejection of Petitioner's claims by the Texas courts, the Court determines that reasonable jurists would not find the assessment of Petitioner's constitutional claims to be debatable or wrong and would not find debatable the correctness of the procedural rulings made herein. Therefore, Petitioner has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 12th  day of January, 2009.


Frances H. Stacy
United States Magistrate Judge

16